IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| HARRY EARL STUDDARD | CASE NO. 05-05955EE |

**HARRY EARL STUDDARD**

VS.                                                                                                      ADVERSARY NO. 06-0006

**WILLIAM ROBERT (BOB) PITTS**

| | |
|---|---|
| Hon. Ceola James<br>Post Office Box 1465<br>Vicksburg, MS  39180 | Attorney for Debtor |
| Hon. David M. Sessums<br>1110 Jackson Street<br>Vicksburg, MS  39180 | Attorney for William Robert Pitts |

Edward Ellington, Judge

FINDINGS OF FACT AND
CONCLUSIONS OF LAW ON THE
*COMPLAINT TO RECOVER PROPERTY*

**THIS MATTER** came before the Court on the *Complaint to Recover Property* filed by the Debtor on January 10, 2006, the *Answer to Complaint to Recover of (sic) Property* filed by William Robert (Bob) Pitts on January 19, 2006, and the *Stipulation of Facts* submitted by the parties on January 12, 2007. After considering the complaint, the response, the stipulation and the briefs, the Court finds that the complaint is not well taken and should be dismissed.

**FINDINGS OF FACT**

Harry Earl Studdard (Debtor) filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on October 12, 2005. On January 10, 2006, the Debtor filed the above styled adversary proceeding. This adversary proceeding involves a dispute between the parties over the ownership of the property located at 5555 Highway 27, Vicksburg, Warren County, Mississippi. In his complaint, the Debtor asserts he is the rightful owner of the property because the purchase of this property by William Robert "Bob" Pitts (Pitts) at a sheriff's sale constitutes a preference pursuant to 11 U. S. C. § 547(b) and (c)[1] and should be set aside. In his answer, Pitts denies that the sheriff's sale constitutes a preference, and therefore, he asserts it should not be set aside.

On January 12, 2007, the parties submitted a *Stipulation of Facts* (Stipulation) as follows:

1. On December 23, 1997, Tower Loan of Mississippi, Inc. conveyed the subject property to Harry Earl Studdard and his wife Jean Studdard as joint tenants with the rights of survivorship: such deed has been recorded in Book 1127 at Page 803 of the Warren County Land Records. A copy of said Quitclaim deed is attached hereto and incorporated as Exhibit "A".[2]

2. On March 28, 2001, the Circuit Court of Warren County, Mississippi in that certain case styled "William R. "Bob" Pitts vs. John R. Barnes and Harry E. Studdard; Warren Circuit No. 000188-CI-V" entered Judgment for William R. "Bob" Pitts against Harry E. Studdard in the sum of $54,831.19. A true copy of said Judgment is attached hereto *(sic)* incorporated herein as Exhibit "B".

---

[1] While the Debtor cites § 547(c) in support of his position, the Court notes that subsection (c) lists transfers which the trustee may <u>not</u> avoid as a preference. Therefore, the Court will not address subsection (c).

[2] None of the exhibits referred to in the *Stipulation of Facts* are attached to this opinion.

2

3. On July 31, 2003, the Circuit Court of Warren County, Mississippi, for reasons unknown, entered its "Order Dismissing Action for Lack of Prosecution" a copy of which is attached hereto and incorporated herein as Exhibit "C".

4. On April 13, 2005, the Circuit Court of Warren County, Mississippi issued a Writ of Execution directing the sheriff of Warren County to levy upon the property of Harry R. Studdard a/ka *(sic)* Harry E. Studdard a/ka *(sic)* Harry Studdard in the sum of $55,831.19 describing therein the property described in Exhibit "A" above. A copy of said Writ of Execution is attached hereto and incorporated herein as Exhibit "D".

5. That on November 14, 2005[3], the sheriff of Warren County, Mississippi executed his Declaration of Sheriff and Proof of Service certifying that on 19th day of April 2005 he levied upon the property described in Exhibit "A" above. A copy of said Declaration of Sheriff and Proof of Service is attached hereto and incorporated herein as Exhibit "E".

6. That on June 15, 2005, the sheriff of Warren County executed his Notice of Sheriff's Sale Under Execution. A copy of said Notice of Sheriff's Sale Under Execution is attached hereto and incorporated herein as Exhibit "F".

7. On June 21, 2005, June 28, 2005, and July 5, 2005 said Notice of Sheriff's Sale Under Execution was published in the Vicksburg Post pursuant to statute. A true copy of the Proof of Publication of said Notice of Sheriff's Sale Under Execution is attached hereto and incorporated herein as Exhibit "G".

8. That at Sheriff's sale William R. "Bob" Pitts was the successful bidder and purchaser and

---

[3]The Stipulation states that the Declaration was executed on November 14, 2005, however, the Declaration is stamped filed "JUNE 14, 2005." The November 14, 2005, date is obviously a typographical error.

on July 18, 2005, William R. "Bob" Pitts delivered the sum of $55,000.00 to the sheriff of Warren County, Mississippi. A copy of said letter of tender and check of William R. "Bob" Pitts is attached hereto and incorporated herein as Exhibit "H".

9. On July 22, 2005, the sheriff of Warren County, Mississippi executed his Sheriff's Conveyance conveying the subject property to William R. "Bob" Pitts for the sum of $55,000.00. A true copy of said Sheriff's Conveyance is attached hereto and incorporated herein as Exhibit "I".

10. On August 1, 2005, the Circuit Court of Warren County, Mississippi executed its Order of Disbursal directing disbursal of the aforesaid $55,000.00 sale proceeds. A copy of said Order of Disbursal is attached hereto and incorporate herein as Exhibit "J".

11. That the property described in Exhibit "A" above constituted the homestead of Harry Studdard and Jean Studdard.

12. That at no time prior to the aforesaid sheriff's conveyance and recording thereof, which has been recorded in Book 1386 at Page 396 of the Warren County Land Records, did Harry Studdard or Jean Studdard make claim of or assert any formal claim of exemption with the Circuit Court based on statutory exemptions regarding rights of homestead exemption because they were unaware of the need to do so and always claimed the property as their homestead.

13. That the aforesaid Sheriff's Sale was held within ninety (90) days of the bankruptcy filing of Harry Studdard.

14. No specific notice was directed or sent to either Harry Studdard or Jean Studdard, other than publication of the aforesaid Sheriff's Sale.

15. Tower Loan of Mississippi, Inc., at all times material held a first mortgage on the subject property and received no notice, other than said publication, of the Sheriff's Sale.

16. That the United Stated Bankruptcy Court may enter it's *(sic)* order herein based on this stipulation.

*Stipulation of Facts,* pp. 1-3, Jan 12, 2007.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(F), (K) and (O).

### II.

### A.

In his complaint, the Debtor states that the sheriff's sale and resulting deed are preferences pursuant to 11 U. S. C. § 547[4] and prays for the deed to be cancelled. As the Court of Appeals for the Fifth Circuit has explained:

> In general, § 547(b) permits a trustee to avoid various preferential transfers of the debtor's property made prior to the commencement of the bankruptcy case. Congress enacted this preference-avoiding section with two intertwined purposes in mind: (1) discouraging creditors from racing to the courthouse to dismember the debtor during his slide into bankruptcy, and (2) facilitating the prime bankruptcy policy of equality of distribution among creditors of the debtor.

*Cullen Center Bank & Trust vs. Hensley (In re Criswell),* 102 F.3d 1411, 1414 (5th Cir. 1997)(footnote omitted).

Section 547(b) states in pertinent part:

**§ 547 Preferences**

---

[4] Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

> (b) (T)he trustee may avoid any transfer of an interest of the debtor in property–
>   (1) to or for the benefit of a creditor;
>   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>   (3) made while the debtor was insolvent;
>   (4) made–
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>   (5) that enables such creditor to receive more than such creditor would receive if-
>     (A) the case were a case under Ch. 7;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the Code.

11 U. S. C. § 547(b).

In order for the deed which resulted from the sheriff's sale to be set aside as a preference pursuant to § 547(b), the burden is on the Debtor to prove each and every one of these elements. *T.B. Westex Foods, Inc. vs FDIC (In re T.B. Westex Foods, Inc.),* 950 F.2d 1187, 1190 (5th Cir. 1992); *In re Bullion Reserve of N. Am.*, 836 F.2d 1214, 1217, (9th Cir. 1988), *cert. denied*, 486 U.S. 1056 (1988); *In re Adbox, Inc.,* 488 F.3d 836, 843 (9th Cir. 2007); *Phoenix Restaurant Group, Inc. vs. Fuller, Fuller & Associates, P.A. (In re Phoenix Restaurant Group, Inc.),* 316 B.R. 671, 675 (Bankr. M.D.Tenn. 2004).

**B.**

Since there has been no claim that Pitts was an insider, in order to prevail under § 547, one of the elements the Debtor must prove is that the transfer occurred within ninety days of the filing of the petition. *See* § 547(b)(4)(A). "Section 547(e)(1) addresses when transfers of property are perfected and, in the case of real property, specifies that perfection occurs when a hypothetical bona

fide purchaser could not acquire an interest superior to that of the transferee." *Doub vs. Hartford Fire Ins. Co. (In re Medlin),* 229 B.R. 353, 357 (Bankr. E.D.N.C. 1998). To determine when Pitts' security interest was perfected, the Court must turn to state law. *Pongetti vs. General Motors Acceptance Corp. (In re Locklin),* 101 F.3d 435, 438 (5th Cir. 1996).

As stated previously, the Debtor asserts that for purposes of § 547(b) the sheriff's sale is when the transfer occurred. However upon an examination of Mississippi law, the Court finds the Debtor's belief to be misguided. Instead, the Court finds that the sheriff's sale was Pitts' enforcement of his lien rather than the perfection of his lien.

Pursuant to Miss. Code Ann. § 11-7-189(1) (1972), the clerk of each circuit court is required to keep "The Judgment Roll." In The Judgment Roll, "(t)he clerk shall. . .enroll all final judgments rendered at that term. . . ." *Id.* Once a judgment is enrolled on The Judgment Roll,

> (a) judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, . . . against the judgment debtor and all persons claiming the property under him after the rendition of the judgment. A judgment shall not be a lien on any property of the defendant thereto unless the same be enrolled.

Miss. Code Ann. § 11-7-191 (1972). Therefore, once a judgment is enrolled in The Judgment Roll, it is perfected as to all property of the judgment debtor in that county.

Pitts obtained his default judgment against the Debtor on March 28, 2001. The Debtor has not contested the validity of Pitts' judgment nor contended that it was not properly enrolled in The Judgment Roll by the clerk of the Circuit Court of Warren County. Since "the date of entry or enrollment of the judgment is the focal point for the determination of whether that judgment is a

7

preferential transfer,"[5] the Court finds that for purposes of § 547(b) the transfer occurred in 2001 when Pitts' judgment was enrolled in The Judgment Roll of Warren County, Mississippi, and thereby, his security interest against the property was perfected. Consequently, the Court finds that the transfer occurred well outside the ninety day period found in § 547(b)(4)(A) and that the Debtor has thereby failed to meet his burden under § 547(b).

## C.

Even if the Court had agreed with the Debtor and found that the sheriff's sale is when the transfer occurred, the Court finds that the sheriff's sale was also outside the ninety day period. Although the parties stipulated that the sheriff's sale occurred within ninety days of the filing of the petition, an examination by the Court of the exhibits attached to the Stipulation shows otherwise.

Exhibit F attached to the Stipulation is the *Notice of Sheriff's Sale Under Execution* (Sale Notice). The first paragraph of the Sale Notice states that "I will on the 6th day of July, 2005, at or around 12:00 noon . . . offer for sale and will sell to the highest and best bidder for cash the interest of the Defendant, . . . Harry E. Studdard . . .in and to the following described real property located in Warren County, Mississippi . . . ." *Notice of Sheriff's Sale Under Execution,* June 15, 2005.

The Debtor filed his petition on October 12, 2005. The 14th day of July, 2005, would be ninety days prior to October 12, 2005. Therefore, the sheriff's sale, which according to the Sale Notice was held on July 6, 2005, was outside the ninety day preference period.

## III.

In his brief, the Debtor raises the issue of the dismissal by the circuit judge of Pitts' lawsuit against the Debtor. The *Order Dismissing Action for Lack of Prosecution* was entered on July 31, 2003, more than two years after Pitts' judgment was entered. The judgment was a final and non-

---

[5] 5 Collier on Bankruptcy ¶ 547.03[1][a] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.)

8

appealable judgment at the time of the dismissal. Therefore, the Court finds that the dismissal order had no effect on the validity of Pitts' judgment against the Debtor.

## CONCLUSION

In order to prevail under § 547(b), the Debtor must prove each element of § 547(b). Having found that the transfer occurred in 2001 when Pitts' judgment was enrolled in The Judgment Roll of Warren County, Mississippi, the Court finds that the Debtor has failed to prove that the transfer occurred within ninety days of the October 12, 2005, date he filed his petition under the bankruptcy code.

A separate judgment consistent with this opinion will be entered in accordance with Rules 7054 and 9021 of the Federal Rules of Bankruptcy Procedure.